PER CURIAM.
 

 Joshua E. Bouie, Appellant, seeks review of the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We affirm in part and reverse in part.
 

 Of the four claims Appellant raised, only one has merit. Among his several convictions, Appellant was convicted of attempted burglary of a conveyance with an assault while carrying a weapon. The trial court correctly concluded there was nothing improper about reclassifying his conviction from a second-degree felony to a first-degree felony based on carrying a weapon because it was not an essential element of the charge of burglary of a conveyance with an assault. However, Appellant was sentenced to twenty-eight years’ incarceration, followed by ten years’ probation. This exceeded the thirty-year statutory maximum for a first-degree felony offense and constitutes an illegal sentence. If the trial court wished to impose a split sentence, the combined number of years of incarceration and probation could not exceed the thirty-year statutory maximum.
 
 See Davis v. State,
 
 35 So.3d 1041 (Fla. 2d DCA 2010);
 
 Gerow v. State,
 
 516 So.2d 326, 326 (Fla. 2d DCA 1987). Accordingly, we reverse and remand for re-sentencing on count II and otherwise affirm.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED for resentenc-ing.
 

 PALMER, EVANDER and COHEN, JJ., concur.